UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE NATIONAL INSURANCE
COMPANY and STAR INSURANCE
COMPANY,

   Plaintiffs/Counter-Defendants,

vs.               Case No. 8:10-cv-894-T-27TBM

KEVIN WHITE,

   Defendant, Counter-Plaintiff,
   Third Party Plaintiff, and
   Third Party Counter-Defendant,

vs.

HILLSBOROUGH COUNTY, FLORIDA,

   Third Party Defendant and
   Third Party Counter-Plaintiff.
_____/

## ORDER

**BEFORE THE COURT** is Kevin White's Motion for Summary Judgment (Dkt. 40) with respect to claims involving Hillsborough County, Florida (the "**County**").[1] In the motion, Kevin White ("**White**") claims that he is entitled to summary judgment on (1) his third-party claims against the County for declaratory judgment and breach of contract, and (2) the County's counterclaims for subrogation and contribution. For the reasons set forth below, Kevin White's Motion for Summary Judgment (Dkt. 40) is **DENIED** with respect to his claims against the County and **GRANTED** as to the County's counterclaims for contribution and subrogation.

---

[1] The Court has separately addressed Kevin White's Motion for Summary Judgment with respect to the Plaintiffs. *See, e.g.*, Dkt. 69.

## Factual Background [2]

White was at all relevant times a member of the Board of Commissioners for the County. As a public official employed by the County, White was an "Insured" under a "Public Entities Excess" insurance policy held by the County (the "**Policy**"). The Policy contained a Self-Insured Retention Endorsement (Form SNS 1010) (the "**SIR Endorsement**") which modified the insurance coverage under the Policy, providing that coverage was limited to amounts in excess of a self-insured retention of $350,000 per occurrence (the "**SIR Retention**"). The SIR Endorsement also provided:

> 4. In the event of any occurrence which, in the opinion of any INSURED, is likely to give rise to liability under this Policy, no costs or expenses, other than for immediate first aid to others, shall be incurred by any INSURED, except at his or her own cost, peril and expense, without the written consent of the company. *The NAMED INSURED shall be obligated to*
>
> A. *provide an adequate defense and investigation of any action for or notice of any actual, potential or alleged damages, and*
>
> B. accept any reasonable offer or settlement within the NAMED INSURED'S self-insured retention,
>
> and, in the event of any NAMED INSURED'S failure to comply with any part of this paragraph, the company shall not be liable for any damages or costs or expenses resulting from such occurrence.

SIR Endorsement (emphasis added).

In May, 2008, Alyssa L. Ogden ("**Ogden**"), a former aid of White, filed suit against White and the County in state court asserting claims for (a) sex discrimination in violation of 42 U.S.C. §§ 1983 and 1988, (b) sexual harassment in violation of the Florida Civil Rights Act of 1992, Fla.

---

[2] For a more detailed factual and procedural background, *see* the Court's Order entered on October 19, 2011 (Dkt. 69).

Stat.§§ 760.01-760.11 ("**FCRA**"), and (c) retaliatory discharge in violation of the FCRA. *See, e.g.,* Second Amended Complaint (Dkt. 37-2) ("**Ogden Complaint**"). The defendants removed the action to federal court. *See Ogden v. Hillsborough County, Florida, and White,* No. 8:08-cv-1187-RAL-TBM (M.D. Fla.) (hereinafter, the "**Ogden Litigation**").

Although Ogden asserted claims under both § 1983 and the FCRA, only Ogden's claims under § 1983 were submitted to the jury. *See* Ogden Litigation (Dkt. 144), Trial Transcript IV (Dkt. 37-19), pp. 283-84. The jury ultimately returned a verdict in favor of Ogden, finding that (1) Ogden was subjected to sexual harassment or unwelcome advances by White, and (2) Ogden was terminated as part of the sexual harassment or because she rejected White's unwelcome sexual advances. *See* Ogden Verdict (48-4), p. 1. Final judgment was entered against the County and White in the amount of $75,000. *See* Judgment in Civil Action (Dkt. 48-11) (the "**Ogden Judgment**").

The County's insurer disavowed any duty to defend or indemnify White under the Policy and the County refused to furnish White a defense with respect to Ogden's claims. Thus, White was required to pay for his own defense costs in the Ogden Litigation. The County subsequently agreed to pay $278,000 to satisfy the Ogden Judgment and settle Ogden's claim for attorney's fees and costs. *See* Full and Complete Waiver and Release of Liability (Dkt. 41-1) (the "**Ogden Settlement**"), p.1.[3]

## Procedural Background

The County's insurers commenced this action by filing a two count complaint for declaratory relief (Dkt. 5). White subsequently filed a Third Party Complaint against the County asserting

---

[3] The Ogden Settlement expressly provides that by agreeing to the settlement "[Ogden] do[es] not waive any rights or release Kevin White, the co-defendant in the lawsuit." Ogden Settlement, p. 3.

claims for declaratory relief and breach of contract whereby he seeks payment and/or reimbursement of the attorney's fees and costs he incurred in the Ogden Litigation (Dkt. 6). The County filed counterclaims against White for subrogation, equitable indemnification, and contribution seeking to recover its costs and expenses incurred in settling the Ogden Litigation (Dkt. 17).

The Court previously dismissed the County's counterclaim for equitable indemnification with prejudice. *See* Dkt. 29. White now moves for summary judgment on his claims against the County as well as the County's claims for subrogation and contribution. The County did not file a motion for summary judgment.

## Standard on Summary Judgment

Summary judgment is proper if, following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The evidence must

4

be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Court will not weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249; *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable jury could find for the non-moving party. *Id.*

## Discussion

### *White's Third-Party Claims Against the County*

White moves for summary judgment on his declaratory judgment and breach of contract claims in which he alleges that the County had a duty to defend him in the Ogden Litigation and, as a result, is now obligated to reimburse him for the attorney's fees and costs he incurred. Under Florida law, there is no common law duty to defend. *See, e.g., Allstate Ins. Co. v. RJT Enterp., Inc.*, 692 So.2d 142, 144 (Fla. 1997); *Budget Rent A Car Sys., Inc. v. Taylor*, 626 So.2d 976, 979 (Fla. 4th DCA 1993). Thus, White must point to an express contractual provision that obligated the County to provide him with a defense in the Ogden Litigation.

White attempts to establish a contractual duty to defend based on the SIR Endorsement and his alleged status as a third-party beneficiary. Specifically, White argues that he was a third-party

beneficiary under the Policy and that the County breached its alleged duty to provide a defense under the SIR Endorsement.[4]

Initially, it must be noted that White's attempt to establish his status as a third-party beneficiary under the SIR Endorsement is inconsistent with his undisputed status as an insured under the Policy. Nonetheless, because the Court concludes that the SIR Endorsement does not impose any duty on the County *vis-à-vis* White under the Policy, the result is the same whether White seeks to enforce the SIR Endorsement against the County as either an additional insured or a third-party beneficiary.

The plain language of the SIR Endorsement imposes on the County a duty to defend any claim arising from an occurrence that is likely to give rise to liability under the Policy. SIR Endorsement, ¶ 4.a. Thus, the County's obligation to defend is clear *vis-à-vis* the insurance company. It is equally clear, however, that this provision was not intended to give White additional rights under the Policy *vis-à-vis* the County. The plain language of the SIR Endorsement demonstrates that the provision at issue was included to protect the insurance company from excess liability that might arise if the County failed to adequately respond to and defend claims prior to the time the SIR Retention was satisfied. *See id.*, ¶ 4 ("in the event of any of the NAMED INSURED'S

---

[4] The following elements are required for a cause of action for breach of a third party beneficiary contract in Florida:

> 1) a contract between A and B; 2) the clear or manifest intent of A and B that the contract primarily and directly benefit the third party; 3) breach of the contract by A or B; and 4) damages to the third-party beneficiary resulting from the breach. *Foundation Health v. Westside EKG Associates*, 944 So.2d 188, 194-95 (Fla. 2006). It is important to note that the third party need not be mentioned by name in the contract to be deemed a third party beneficiary. *Polo Ralph Lauren, L.P. v. Tropical Shipping & Const. Co., Ltd.*, 215 F.3d 1217, 1222 (11th Cir. 2000).

*Atlantic Marine Florida, LLC v. Evanston Ins. Co.*, 721 F.Supp.2d 1244, 1250 (M.D. Fla. 2010) (internal footnotes omitted). The Court rejects White's argument that the undisputed evidence reveals that "it was the 'clear and manifest' intent of the County to 'primarily and directly benefit' White under the SIR Endorsement." Dkt. 40, p. 21.

failure to comply with any part of this paragraph, the company shall not be liable for any damages or costs or expenses resulting from any such occurrence").[5] As a result, White has failed to demonstrate that based on the undisputed facts he was an intended third-party beneficiary of the SIR Endorsement or that he is otherwise entitled to enforce the SIR Endorsement against the County.

### *The County's Counterclaims for Contribution and Subrogation*[6]

The County's claims for contribution and subrogation are essentially alternative claims and the proper legal theory to be applied depends on whether the County and White were joint tortfeasors[7] with respect to damages awarded in the Ogden Litigation.[8] That is, contribution[9] is the

---

[5] This interpretation is consistent with Florida law that *allows* the County to provide a defense for its employees, but *requires* the County to reimburse an employee's legal fees and costs only if the employee prevails in the underlying litigation. *See* Fla. Stat. §§111.07 and 111.071. In contrast, reading the SIR Endorsement to require the County to defend White would be inconsistent with Florida law that permits the County to recover defense costs paid from public funds on behalf of an employee "who is found to be personally liable by virtue of acting outside the scope of his or her employment, or was acting in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property ... ." Fla. Stat. § 111.07

[6] The Court summarily rejects White's argument that he is entitled to summary judgment on the County's claims for contribution and subrogation because the County did not satisfy the entire Ogden Judgment. *See* Fla. Stat. § 768.31(2)(d) ("A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or wrongful death is not extinguished by the settlement ... ."); *Dade County School Bd. v. Radio Station WQBA*, 731 So.2d 638, 646 (Fla. 1999) (holding that subrogation is only proper when subrogee has paid of entire underlying debt). The evidence of record reflects that the County *did* satisfy the Ogden Judgment and *strongly suggests* that the Ogden Settlement resolved Ogden's claim for attorney's fees and costs. There was no order entered in the Ogden Litigation establishing the amount of attorney's fees recoverable from the County and/or White and it is unclear whether Ogden intends (or remains entitled) to pursue a separate claim for attorney's fees against White. At a minimum, disputed issues of material fact exist as to whether the County satisfied the entire Ogden Judgment.

[7] A § 1983 claim is not based on a statutory violation *per se,* but rather amounts to a constitutional tort. *See, e.g., Katkav. Mills*, 422 F.Supp.2d 1304, 1310 (N.D. Ga. 2006) (noting that claims under section 1983 are based on constitutional torts).

[8] Florida law does not recognize a right of subrogation between joint tortfeasors and any right of recovery between joint tortfeasors must be through the legal remedy of contribution which is provided in § 768.31, Florida Statutes. *See Florida Patients Compensation Fund v. St. Paul Fire and Marine Ins. Co.*, 535 So.2d 335, 336 (Fla. 4th DCA 1988), *decision approved*, 559 So.2d 195, 197-99 (Fla. 1990).

[9] Section 768.31, Florida Statutes, provides: "Except as otherwise provided in this action, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution ... in favor of a tortfeasor who has paid more than her or his pro rata share of the common liability ... ." Fla. Stat. § 768.31(2).

proper legal theory if the County and White were joint tortfeasors, while subrogation[10] is the proper legal theory if White and the County were not joint tortfeasors. Because the jury verdict in the Ogden Litigation did not apportion fault between White and the County,[11] the Court must initially determine whether the jury verdict in the Ogden Litigation conclusively established that the County was at least partly at fault for the sexual harassment and discrimination complained of by Ogden (*i.e.*, whether the County was a joint tortfeasor).

A review of the record, including the judgment imposing joint and several liability against White and the County, establishes that the County was at least partly at fault for the violation of Ogden's civil rights and, as such, was a joint tortfeasor for purposes of Florida law governing contribution. This conclusion is bolstered by the fact that political subdivisions may not be held liable under § 1983 based on a theory of *respondeat superior* or vicarious liability. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-94 (1978). While the Ogden Court's instruction to the jury could be interpreted to adopt a *respondeat superior* theory of liability,[12] this instruction was based on the Ogden Court's conclusion that the County failed to offer a meaningful review process to respond to Ogden's claim that she was unlawfully terminated by White. *See Maschmeir*

---

[10] Equitable subrogation is generally appropriate when: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. *Dade County School Bd. v. Radio Station WQBA*, 731 So.2d 638, 646 (Fla. 1999).

[11] As the Court previously noted in denying White's motion to dismiss, section 768.31(4)(a), Florida Statutes, expressly allows a contribution claim to be enforced in a separate action. *See* Fla. Stat. § 768.31(4)(a) ("Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced by separate action."). As a result, the Court cannot conclude as a matter of law that the County waived its claim for contribution by failing to request that the jury apportion fault in the Ogden Litigation. *Cf.* Fla. Stat. § 768.31(4)(f) ("The judgment of the court in determining the liability of several defendants to the claimant for an injury or wrongful death shall be binding as among such defendants in determining their right to contribution.").

[12] The Ogden Court instructed the jury: "When sexual harassment is carried out by a public official with immediate or successively higher authority over a Plaintiff culminating in an adverse tangible employment action against the Plaintiff, the Defendant employer is responsible under law for such behavior. An adverse tangible employment action includes the termination of employment." Ogden Jury Instructions (Dkt. 37-10), p. 9.

v. *Scott*, 269 Fed. Appx. 941, 943-45 (11th Cir. 2008) (unpublished); *Templeton v. Bessemer Water Serv.*, 154 Fed. Appx. 759, 764-66 (11th Cir. 2005) (unpublished); *see also Martinez v. City of Opa-Locka*, 971 F.3d 708, 715 (11th Cir. 1992).[13] Thus, the County's remedy, if any, against White is limited to the legal remedy of contribution.

White argues that he is entitled to summary judgment on the County's claim for contribution because federal law does not provide for contribution in cases arising under 42 U.S.C. § 1983. *See Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77 (1981). In response, the County argues that even though federal law does not provide a private right to contribution under § 1983, Florida law allowing contribution between joint tortfeasors should be applied to "fill the gap" in federal law under 42 U.S.C. § 1988.[14]

While the County suggests there is a split of authority as to whether there is a right to contribution under 42 U.S.C. § 1983, the vast majority of courts to have addressed the issue have found that no claim for contribution is available in actions arising under § 1983. *See, e.g., Crews v. County of Nassau*, 612 F.Supp.2d 199, 208 (E.D.N.Y. 2009) (collecting cases); *Hurley v. Horizon Project, Inc.*, No. CV-08-1365-ST, 2009 WL 5511205, at *3 (D. Or. Dec. 3, 2009) (collecting cases). The Court agrees with the majority of courts to have addressed the issue and concludes that the

---

[13] In denying the County's motion for entry of judgment as a matter of law, the Ogden Court suggested that the County's liability arose, at least in part, from the County's failure to have in place a meaningful review process capable of overturning White's decision to terminate Ogden. *See* Order (Dkt. 37-22), p. 5; *see also id.* at p. 7 ("The Court continues to be puzzled by the County's argument that because it was not the "moving force" behind White's predatory acts of discrimination resulting in Ogden's termination, it cannot be liable for damages sustained by Ogden as a consequence of White's acts.").

[14] Section 1988 allows federal courts to apply state law when federal law "is not adapted to the object [protecting and vindicating civil rights], or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law ... ."

County may not pursue a claim for contribution against White for claims arising under § 1983.[15]

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)    Kevin White's Motion for Summary Judgment (Dkt. 40) is **DENIED** with respect to his Third Party Claims against the County and **GRANTED** as to the County's Counterclaims for contribution and subrogation.

(2)    Within **fourteen (14) days** from the date of this Order, White is directed to show cause why summary judgment should not be entered in favor of the County on all claims asserted by White in the Third Party Complaint. See Fed. R. Civ. P. 56(f)(1).

**DONE AND ORDERED** in chambers this 18th day of November, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[15] The Court declines the County's invitation to invoke § 1988 and apply Florida law allowing contribution between joint tortfeasors. Invoking § 1988 to "furnish a suitable remedy" between two defendants that both were found responsible for violating an individual's constitutional rights would be inconsistent with express language of § 1988 and the purposes of § 1983. See Wright v. Reynolds, 703 F.Supp. 583, 592 (N.D. Tex. 1988) ("Section 1988 does not speak to the rights of those who violated the civil rights of another."); Mason v. City of New York, 949 F.Supp. 1068, 1077 (S.D.N.Y. 1996) (noting that permitting a right to contribution in the § 1983 context may weaken one of the primary purposes of § 1983 (i.e., deterrence)); see also Banks ex rel. Banks v. Yokemick, 177 F.Supp.2d 239, 249 (S.D.N.Y. 2011) ("[Section 1983's] central aim may be viewed as a double edged sword whose dual aspect is designed to protect and deter, to benefit the victim while penalizing the offender.").