UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE NATIONAL INSURANCE
COMPANY and STAR INSURANCE
COMPANY,

       Plaintiffs/Counter-Defendants,

vs.                                        Case No. 8:10-cv-894-T-27TBM

KEVIN WHITE,

       Defendant, Counter-Plaintiff,
       Third Party Plaintiff, and
       Third Party Counter-Defendant,

vs.

HILLSBOROUGH COUNTY, FLORIDA,

       Third Party Defendant and
       Third Party Counter-Plaintiff.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 135) of the Magistrate Judge recommending that Defendant, Kevin White's, Motion for Attorneys' Fees and Costs (Dkt. 90) be granted in part. Specifically, the Magistrate Judge recommends that State National Insurance Company and Star Insurance Company (the "**Insurers**") be directed to pay Kevin White ("**White**") the total sum of $193,867 in attorneys' fees together with prejudgment interest at the applicable federal rate from the date of the Judgment. White filed an objection to the Report and Recommendation (Dkt. 138) and the Insurers filed a memorandum in opposition to White's objection (Dkt. 142).

### Introduction

White contends that the Magistrate Judge erred in failing to award a contingency fee multiplier of 2.5. White concedes that the Report and Recommendation correctly set forth the applicable legal standard, but erroneously denied a fee multiplier because "this was not the rate and exceptional case for which [a contingency fee risk multiplier] should be granted." In so doing, White argues that the Magistrate Judge improperly conflated Florida and federal law. The Court disagrees.

### Standard of Review

A district court is required to "make a *de novo* determination of those portions of the magistrate's report or ... recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The district court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The district court may also reconsider a report and recommendation where it has been shown that the magistrate's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

### Discussion

The Magistrate Judge's conclusion that a contingency fee multiplier is not warranted in this case was properly based on a thorough consideration of the factors discussed in *Standard Guaranty Ins. Co. v. Quanstrom*, 555 So.2d 828 (Fla. 1990). While White introduced evidence suggesting that at least five firms declined to represent him in this matter, the Magistrate Judge reasonably concluded that, based on his experience as an attorney and a magistrate judge, "competent representation in such insurance disputes does not hinge upon the possibility of a contingency risk multiplier." *See Sun Bank of Ocala v. Ford*, 564 So.2d 1078, 1079-80 (Fla. 1990) ("The instant case is in the nature of a contract case. ... There might be a preference not to accept certain individual

cases, but any reluctance generally yields to the reward of gaining other cases ... ."). Moreover, the Magistrate Judge noted that the factors conceivably supporting an enhancement were taken into account as part of the lodestar calculation. *See Ottaviano v. Nautilus Ins. Co.*, 717 F.Supp.2d 1259, 1274 (M.D. Fla. 2010) (citing *Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1672-73 (2010)). In sum, the Court is fully satisfied that the total fee award of $193,867 recommended by the Magistrate Judge is sufficient to satisfy the statutory purpose of discouraging insurance companies from contesting valid claims absent application of a contingency multiplier. *See Insurance Company of North America v. Lexow*, 602 So.2d 528, 531 (Fla. 1992).

## Conclusion

After careful consideration of Report and Recommendation and White's objection, in conjunction with an independent examination of the file, the Court is of the opinion that, with the exception of the recommended rate of prejudgment interest,[1] the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED AND ADJUDGED**:

(1) With the exception of the Magistrate Judge's recommendation regarding the applicable rate of prejudgment interest, the Report and Recommendation (Dkt. 135) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

---

[1] The Insurers do not respond to White's contention that the Magistrate Judge erred in recommending that prejudgment interest be calculated at the applicable federal rate. The Court agrees that prejudgment interest should be calculated at the rate applicable under Florida law from the date of the Judgment to the entry of a final order determining the amount of fee award. *See, e.g., SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007); *Gray v. Novell, Inc.*, No. 8:06-cv-1950-T-33TGW, 2012 WL 3871872, at *12 n.8 (M.D. Fla. Sept. 6, 2012).

(2)   Defendant, Kevin White's, Motion for Attorneys' Fees and Costs (Dkt. 90) is **GRANTED** in part and **DENIED** in part.

(3)   Defendant Kevin White is awarded $193,867 in attorneys' fees together with pre-judgment interest thereon at the applicable Florida rate (*i.e.*, 4.75% per *annum* or .000129781 per day) from the date of the original Judgment (*i.e.*, November 21, 2011) through the date of this Order. State National Insurance Company and Star Insurance Company shall be jointly and severally responsible for payment of the fee award.

**DONE AND ORDERED** in chambers this 3rd day of December, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record